UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MARIBEL RIVERA

       Plaintiff,
vs.

2K CLEVELANDER, LLC,

       Defendant.
_____/

**COMPLAINT**
(Jury Trial Demanded)

Plaintiff, MARIBEL RIVERA, brings this action against Defendant, 2K CLEVELANDER, LLC, and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages brought by Plaintiff, MARIBEL RIVERA, against Defendant, 2K CLEVELANDER, LLC, under, *inter alia*, the Fair Labor Standards Act ("FLSA"); Fla. Stat. § 448.110; and the Florida Minimum Wage Amendment (Article X, Section 24 of the Florida Constitution). Jurisdiction is proper and is conferred on this Court by, *inter alia*, 28 U.S.C. §1331. Venue is proper because the events giving rise to this claim arose in this Judicial District.

**COMMON ALLEGATIONS**

2. At all times material hereto, Plaintiff, Maribel Rivera, was a Florida resident and resident of this Judicial District and an "employee" of Defendant as defined by the applicable

law referenced herein.

3. At all times material hereto, Defendant, 2K Clevelander, LLC ("Clevelander"), was a Florida limited liability company with its principal place of business in South Florida in this Judicial District at or about 1020 Ocean Drive, Miami Beach, FL 33139, engaged in commerce in the field of restaurant, bar, and hotel operations, at all times material hereto was the "employer" of Plaintiffs as that term is defined under the applicable law referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of Five Hundred Thousand ($500,000.00) Dollars or more.

4. In justifiable reliance upon Defendant's representations and promises, Plaintiff accepted employment and began working for Defendant as a Bartender. The work performed by the Plaintiff was directly essential to the business performed by Defendant.

5. Defendant did not pay Plaintiff the full and proper overtime wages throughout her employment.

6. At various material times hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week. Plaintiff worked overtime hours for Defendant for which Defendant did not properly compensate Plaintiff.

7. Plaintiff worked at the Clevelander between approximately October 2012 until her termination on or about September 2014. The records, if any, concerning the exact date range of Plaintiff's employment, the number of hours Plaintiffs actually worked, and the compensation actually paid to Plaintiff are in the possession and/or control of Defendant.

8. Defendant has knowingly, willfully, and improperly refused to pay Plaintiff her legally entitled wages. Plaintiff was not paid at all for a significant amount of time worked despite having full knowledge of and being notified of same by Plaintiff.

9. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

10. Plaintiff has retained the services of the undersigned to represent her in this action and is obliged to pay for the legal services provided.

11. Defendant unlawfully availed itself to a "tip credit" by requiring Plaintiff and other servers to share a percentage of their tips with the restaurant's Barbacks and Servers.

12. Plaintiff was paid a flat hourly rate for Special Events despite being promised no less than 22% of the total billing, depriving Plaintiff of significant earnings.

13. The Clevelander employees and/or agents sexually harassed Maribel Rivera, who is a female, including but not limited to by subjecting her to unwanted touching, unwanted conduct, and inappropriate groping under Plaintiff's clothing, including in and under her shorts on or about January 2014. The Clevelander permitted same to occur. Plaintiff rejected the sexual advances, reported the unlawful harassment, and was penalized as a result. A charge filing is pending with the Equal Employment Opportunity Commission, and amendment(s) adding corresponding causes of action shall be forthcoming as appropriate and proper.

**COUNT I: FLSA VIOLATION**

14. Plaintiff re-alleges Paragraphs 1 through 13 as if fully set forth herein.

15. At all times material hereto, Plaintiff was an employee of Defendant protected by the Fair Labor Standards Act ("FLSA"), and Defendant was an employer of Plaintiff subject to the FLSA, as each are defined under the FLSA.

16. Plaintiff was improperly denied proper compensation.

17. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for the hours that Plaintiff worked in excess of forty (40) hours per week

as required by the FLSA.

18. Defendant's actions constitute a willful violation of the FLSA.

19. Plaintiff was not properly paid additional monies by Defendant for some of the overtime work.

**WHEREFORE**, the Plaintiff demands Trial by Jury, judgment against Defendants for damages suffered as a result of the alleged lost earnings, liquidated damages, and other damages together with all taxable court costs, attorneys' fees, and prejudgment interest.

### COUNT II: FLORIDA WAGE VIOLATION

20. Plaintiff re-alleges Paragraphs 1 through 13 as if fully set forth herein.

21. At all times material hereto, Maribel Rivera was an employee of the Clevelander, as defined under, and protected by, *inter alia*, Fla. Stat. § 448.110, and the Florida Minimum Wage Amendment (Art. X, § 24, Fla. Const.) and the Clevelander was an employer of Maribel Rivera as defined under, and subject to, same.

22. Maribel Rivera was improperly denied proper compensation.

23. Defendant failed to pay Plaintiff minimum wages for one or more weeks and one or more pay periods.

24. Defendant failed to pay Plaintiff proper overtime wages.

**WHEREFORE**, the Plaintiff demands Trial by Jury, judgment against Defendants for damages suffered as a result of the alleged lost earnings, liquidated damages, and other damages together with all taxable court costs, attorneys' fees, and prejudgment interest.

Dated this 22nd day of April, 2016

                        Respectfully submitted,

                        /s/ Paul A. Sack, Esq.
                        Fla. Bar No. 363103

5

        PAUL A. SACK, P.A.
        1130 Washington Avenue Suite 3
        Miami Beach, FL 33139
        Telephone: (305) 397-8077
        Fax: (305) 763-8057
        E-Mail: ps1619@bellsouth.net (Primary)
        E-Mail: sackpaul@yahoo.com (Secondary)